**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                        Case No.

vs.                                            Honorable

MUSKEGON RIVER YOUTH HOME, INC.,        COMPLAINT

        Defendant.
_____/

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy. As alleged with greater particularity in paragraph 7, the Defendant, Muskegon River Youth Home, Inc., unlawfully maintains a pregnancy policy which discriminates against female employees on the basis of their sex in violation of Title VII, as amended.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, Western District of

Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Employer ("the Employer") has continually been a Michigan corporation doing business in the State of Michigan and the city of Muskegon, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Carla Martz filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least October 2010, Defendant Employer has engaged in an unlawful employment practice in violation of Section 703 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), by discriminating against female

employees on the basis of their sex by maintaining a pregnancy policy which requires female employees to 1) report any pregnancy immediately to Defendant; 2) obtain a note from their physician or other care provider which certifies that the employee can continue to work; 3) if an employee cannot provide such a note, take leave throughout the pregnancy; and 4) remain on leave until 30 days after the pregnancy.

8. The effect of the conduct complained of in paragraph 7, above, has been to deprive female employees who become pregnant of equal employment opportunities and otherwise adversely affect their status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were and are done with malice or with reckless indifference to the federally protected rights of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a pregnancy policy that requires female employees to 1) report any pregnancy immediately to Defendant; 2) obtain a note from their physician or other care provider which certifies that the employee can continue

to work; 3) take leave when pregnant if the employees cannot provide such a note, or 4) remain on leave until 30 days after the pregnancy.

      B.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all of its female employees or applicants, including pregnant employees or applicants, and which eradicate the effects of its past and present unlawful employment practices.

      C.    GRANT such further relief as the Court deems necessary and proper in the public interest.

      D.    AWARD the Commission its costs for this action.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Respectfully submitted,

\_\_\_s/Laurie Young_____
LAURIE A. YOUNG
Regional Attorney

\_\_\_s/ Kenneth Bird_____
KENNETH L. BIRD
Acting Supervisory Trial Attorney

\_\_\_s/ Nedra Campbell_____
NEDRA D. CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE

                                    Patrick V. McNamara  
                                    477 Michigan Avenue, Room 865  
                                    Detroit, Michigan 48226  
                                    nedra.campbell@eeoc.gov  
Dated: September 27, 2012        Tel. No. (313) 226-3410