# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,
                                      Case No. 1:12-CV-01049-JTN
                                      Hon. Janet T. Neff

v.

MUSKEGON RIVER YOUTH HOME, INC.

Defendant.

_____/

| | |
|---|---|
| LAURIE A. YOUNG | GARY SALLEE |
| KENNETH BIRD | Counsel for Defendant |
| NEDRA D. CAMPBELL (P58768) | 11650 Olio Road, Ste. 1000 |
| EQUAL EMPLOYMENT OPPORTUNITY | Fishers, Indiana 46037 |
| COMMISSION | (317) 416-9543 / 863-1050 (fax) |
| Counsel for Plaintiff | gdsallee@gmail.com |
| 477 Michigan Ave., Room 865 | |
| Detroit, Michigan 48226 | |
| (313) 226-3410/6584 (fax) | |
| Nedra.Campbell@eeoc.gov | |
| | KIFFI Y. FORD (P54852) |
| | Dykema Gossett PLLC |
| | Counsel for Defendant |
| | 201 Townsend St Ste 900 |
| | Lansing, MI  48933 |
| | Phone: (517) 374-9177 / 9191 (fax) |
| | kford@dykema.com |

_____/

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action against the Defendant, Muskegon River Youth Home, Inc. (the "Defendant"), pursuant to Title VII of the Civil Rights Act

of 1964 ("Title VII") and Title I of the Civil Rights Act. The Commission and Defendant agree that this action should be resolved by entry of this Consent Decree.

This Consent Decree shall be a final and binding settlement in full disposition of all claims raised in the complaint filed by the Commission in Case No. 1:12-CV-01049. It is therefore the finding of this Court, made on the pleadings and record as a whole, that: 1) the Court has jurisdiction over the parties and subject of this action; 2) the purpose of Title VII as amended by the Pregnancy Discrimination Act of 1978 will be promoted and effectuated by entry of this Consent Decree; and 3) this Consent Decree resolves all matters in controversy between the parties as provided below. It is hereby ORDERED, ADJUDGED AND DECREED:

## INJUNCTION

1.   Defendant and its officers, agents, successors, and assigns are enjoined from maintaining its Policy on Pregnancy dated August 16, 2006.

2.   Defendant and its officers, agents, successors, and assigns are enjoined from requiring that employees inform the company when an employee knows she is pregnant.

3.   Defendant and its officers, agents, successors, and assigns are enjoined from disciplining or terminating an employee who does not notify the company that she is pregnant.

4.   Defendant and its officers, agents, successors, and assigns are enjoined from requiring employees who were pregnant to wait 30 days after pregnancy

before being allowed to return to work.

5. Defendant and its officers, agents, successors, and assigns are enjoined from requiring pregnant employees to provide it with a statement from a care provider or medical professional regarding the employee's continued ability to work.

6. Defendant and its officers, agents, successors, and assigns are enjoined from: (a) discriminating against any employee on the basis of pregnancy; and (b) retaliating against any employee because s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of discrimination or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## **TRAINING**

7. Within thirty (30) days after the Consent Decree has been entered by the Court, Defendant shall provide a mandatory training program to its supervisors and all employees who play a role in determining the terms and conditions of an employee's status, including human resources employees. The training will focus on the requirements of Title VII and the Pregnancy Discrimination Act of 1978. This training shall be provided on a yearly basis for the duration of this Consent Decree. The training will ensure that those trained understand that pregnant employees should be treated the same as non-pregnant employees.

8. Within 30 days after each mandatory training program, Defendant will provide the Commission with a list of all attendees and certify that all

supervisors and all employees who play a role in determining the terms and conditions of an employee's status, including human resources employees, have been trained. This information should be provided to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## **NOTICES**

9.      Within thirty (30) days after the Consent Decree has been entered by the Court, Defendant shall provide written notification to all female employees that its Policy on Pregnancy has been rescinded by sending a letter to each female employee. A copy of each of these letters shall be provided to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

10.     Defendant shall post the Notice attached as Attachment A on the company's website and in a conspicuous place where employees' notices are posted. This Notice shall be posted throughout the term of this Consent Decree. Should the Notice become defaced, marred or otherwise made unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable.

11.     Defendant shall notify the Commission should it adopt or change any policies affecting its employees during the duration of this Consent Decree and shall provide the Commission with a copy of both these policies at the above address at least thirty (30) days before the policy is formally adopted.

## **REPORTING AND COMPLIANCE**

12. Defendant shall provide, within thirty (30) days following yearly mandatory training specified in paragraph 7 above, the list of attendees in accordance with paragraph 8.

13. Defendant shall provide written verification within thirty (30) days of entry of the Consent Decree that it has posted the notice attached as Attachment A as required in paragraph 10 above.

14. Defendant shall submit in affidavit form to the Commission's Regional Attorney at the address provided above a report including the name, address, position, social security number, and telephone number of every employee who has complained about sex discrimination, including pregnancy discrimination, sexual harassment, or retaliation during the first six (6) months from the date this Decree is entered by the Court. The nature of the complaint, Defendant's investigatory efforts, and corrective action taken, if any, shall also be specified. If no such complaints have been made, Defendant shall submit the required report and indicate that it did not receive any complaints during that time period. Additional reports shall be submitted every six (6) months for the duration of this Decree.

15. Within thirty (30) days of the date of this Consent Decree, Defendant shall submit in affidavit form to the Commission's Regional Attorney at the address provided above a report including the name, address, position, social security number, and telephone number of every female employee who has worked for Defendant at any time during the previous twelve-month period. Defendant shall submit a new list on an annual basis. It is expressly

5

understood that the Commission, in its discretion, may contact these individuals to monitor compliance with this Decree.

16. The Commission shall have the right during regular business hours defined as Monday through Friday, 9:00 am to 5:00 pm, EST, to enter and inspect Defendant's premises and personnel records, to ensure compliance with this Decree.

17. Defendant will provide the Commission with a copy of Defendant's personnel records and employment policies within seven (7) days of receiving a written request from the Commission.

## DURATION

18. This Consent Decree shall expire by its own terms at the end of ten (10) years without further action by the Parties.

19. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Consent Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving the Court for such review.

## DISPUTE RESOLUTION AND COMPLIANCE

20. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's premises, interview Defendant's employees, and examine and copy Defendant's documents. In

addition, the Commission may interview individuals as noted in paragraph 15.

21. In the event the Court finds that Defendant has not complied with any provision of this Decree, and the Commission petitions the Court to order Defendant to comply, the Commission is entitled to a penalty of $500 per day until Defendant is in compliance with the Decree again. The Court shall enter an Order requiring the payment of this daily $500 penalty, in addition to all attorney's fees and costs incurred by the Commission to enforce the Decree.

22. Should the Court determine that Defendant has not complied with any provision of this Decree, in addition to the penalty amount set forth in paragraph 21, the Court may order appropriate relief including an extension of the Decree for the time necessary to remedy non-compliance, an award of attorney's fees and costs, and an award of fines for contempt of court.

23. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Consent Decree.

24. If any provision of this Consent Decree is found to be unenforceable by a Court, only the specific provision shall be affected and the other enforceable provisions shall remain in full effect.

25. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, creditors, agents, trustees, administrators, successors, representatives, and assigns of Defendant.

26. Prior to selling all or substantially all of its assets to another person or entity during the duration of this Consent Decree, Defendant shall inform the person or entity of this Consent Decree and provide the person or entity with a

copy of this Consent Decree. In addition, Defendant shall provide notice to the Commission of any transfer of ownership during the duration of this Consent Decree.

27. Modifications of this Consent Decree must be approved by the Court.

28. The Court shall retain jurisdiction of this action through the term of this decree.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

/s Nedra D. Campbell
NEDRA D. CAMPBELL (P58768)
Counsel for Plaintiff
477 Michigan Ave., Room 865
Detroit, Michigan 48226
(313) 226-3410/6584 (fax)
Nedra.Campbell@eeoc.gov
Dated:  October 30, 2012

**MUSKEGON RIVER YOUTH HOME, INC.**

/s__Gary Sallee w/ permission
GARY SALLEE
Counsel for Defendant
11650 Olio Road, Suite 1000
Fishers, Indiana 46037
(317) 416-9543 / 863-1050 (fax)
gdsallee@gmail.com
Dated:  October 30, 2012

/s_Kiffi Ford w/ permission_
KIFFI Y. FORD
Dykema Gossett PLLC
Counsel for Defendant
201 Townsend St Ste 900
Lansing, MI  48933
Phone: (517) 374-9177 / 9191 (fax)
kford@dykema.com
Dated:  October 30, 2012

**IT IS SO ORDERED**:

Dated: November 1, 2012

_/s/ Janet T. Neff_
Hon. Janet T. Neff
United States District Judge

ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in EEOC v. Muskegon River Youth Home, Inc. filed in the United States District Court for the Western District of Michigan, Civil Action No. 1:12-CV-01049.

Federal law requires that employers, including Muskegon River Youth Home, provide equal employment opportunity in all operations and employment practices, and ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information.

Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee because the employee is pregnant. Title VII also prohibits retaliation against any employee who files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises his or her rights under Title VII.

Any employee who believes that s/he has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information, or has been retaliated against because s/he has engaged in activity protected by these laws has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Muskegon River Youth Home will not retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Michigan Department of Civil Rights.

This Notice shall remain posted for the term of ten years, until October 22, 2022.

Muskegon River Youth Home, Inc.

By:_____        Date _____